IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andrew Tyraye Moering,<br><br>            Plaintiff,<br>vs.<br><br>United States of America, et al.,<br><br>            Defendants. | No. CV-22-00877-PHX-SPL (ESW)<br><br>**ORDER** |

On May 12, 2022, Plaintiff Andrew Tyraye Moering, and several other prisoners then confined the Arizona State Prison Complex-Eyman, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 in *Mitchell v. United States*, CV 22-00814-PHX-SRB (MHB). Plaintiff also filed an Application to Proceed In Forma Pauperis (Doc. 4). In a May 24, 2022 Order, the Court severed CV 22-00814 into individual actions for each Plaintiff, dismissed the Complaint without prejudice, and gave each Plaintiff 30 days to file an amended complaint in his individual case. This case was opened for Plaintiff Moering and assigned the above case number.

Because the Court had not received an amended complaint from Plaintiff, on July 11, 2022, the Court denied the Application to Proceed as moot and dismissed this case for failure to comply with a Court order. Judgment was entered the same day. On July 14, 2022, Plaintiff filed a Motion to Exceed Page Limit (Doc. 9) and lodged a proposed First Amended Complaint (Doc. 10). The Court then directed the Clerk of Court to vacate the July 11, 2022 Judgment and reopen this case (Doc. 11). Upon screening, the Court found

Plaintiff had adequately stated an Eighth Amendment threat to safety claim in Count Two against Defendants Gonzalez, Medley, Doe 1, and Doe 2 (Doc. 11 at 7). The Court further provided Plaintiff with 120 days to discovery the actual names of Defendants Doe 1 and Doe 2 and file a Notice of Substitution (Doc. 11 at 7–8), and instructed Plaintiff on serving Defendants Gonzalez and Medley (Doc. 11 at 9–11).

On January 5, 2023, the Court ordered Plaintiff to show cause why this action should not be dismissed for failure to prosecute (Doc. 14). On May 22, 2023, Magistrate Judge Eileen S. Willett issued a Report & Recommendation ("R&R") (Doc. 15), recommending the First Amended Complaint (Doc. 13) be dismissed without prejudice for Plaintiff's failure to comply with the Court's Orders and to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Judge Willett advised the parties that they had fourteen (14) days to file objections to the R&R and that failure to file timely objections could be considered a waiver of the right to obtain review of the R&R (Doc. 42 at 5). *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72; *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). When a party files a timely objection to an R&R, the district judge reviews *de novo* those portions of the R&R that have been "properly objected to." Fed. R. Civ. P. 72(b). A proper objection requires specific written objections to the findings and recommendations in the R&R. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); 28 U.S.C. § 636(b) (1). It follows that the Court need not conduct any review of portions to which no specific objection has been made. *See Reyna-Tapia*, 328 F.3d at 1121; *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985) (discussing the inherent purpose of limited review is judicial economy).

The parties did not file objections, which relieves the Court of its obligation to review the R&R. *See Reyna-Tapia*, 328 F.3d at 1121; *Thomas v. Arn*, 474 U.S. at 149 ("[Section 636(b)(1)] does not… require any review at all… of any issue that is not the

subject of an objection."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). The Court has nonetheless reviewed the R&R and finds that it is well-taken. The Court will adopt the R&R and dismiss the First Amended Complaint without prejudice. *See* 28 U.S.C. § 636(b)(1) (stating that the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate"); Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). Accordingly,

**IT IS ORDERED** that the Magistrate Judge's Report and Recommendation (Doc. 15) is **accepted** and **adopted** by the Court.

**IT IS FURTHER ORDERED** that the First Amended Complaint (Doc. 13) is **dismissed without prejudice**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall terminate this action and enter judgment accordingly.

Dated this 23rd day of June, 2023.

Honorable Steven P. Logan
United States District Judge